**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000466
06-FEB-2024
07:57 AM
Dkt. 101 SO**

NO. CAAP-22-0000466

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARQUIS GREEN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-21-0000292)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Guidry, JJ.)

A jury found Marquis **Green** guilty of Sexual Assault in the First Degree, two counts of Promoting Prostitution in the First Degree, and one count of Assault in the Third Degree. Green appeals from the Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit on July 20, 2022.[1] We affirm.

**(1)** Green's motion to dismiss for violation of Hawaii Revised Statutes (**HRS**) § 805-1 was denied. The statute in effect when Green was arrested required that criminal complaints seeking a penal summons or arrest warrant be subscribed by a complainant under oath. State v. Thompson, 150 Hawai'i 262, 267, 500 P.3d 447, 452 (2021). Green was arrested on three warrants, each based on a complaint subscribed by a Honolulu Police Department

_____

[1] The Honorable Rowena A. Somerville presided.

(**HPD**) officer under oath. Those complaints complied with HRS § 805-1.

Green was arraigned in district court. Probable cause was found. Green was committed to circuit court. The complaint filed in circuit court the next day informed Green of the charges against him. HRS § 805-1 didn't apply to that complaint, or to the first or second amended complaints, none of which sought a penal summons or arrest warrant. State v. Mortensen-Young, 152 Hawaiʻi 385, 399, 526 P.3d 362, 376 (2023). The circuit court did not err by denying Green's motion to dismiss based on HRS § 805-1.

**(2)** Green's motion to dismiss because of police misconduct was also denied. The State alleged that Green sexually penetrated L.M., who was less than 16 years old; advanced or profited from the prostitution of L.M.; advanced or profited from the prostitution of T.S., who was less than 18 years old; and assaulted L.M. Green contended that HPD interrogated L.M. and T.S. without a parent or attorney present and without giving them Miranda warnings, and threatened them with prosecution. He argued that HPD's conduct violated fundamental fairness, shocked the conscience, and was illegal. The circuit court concluded that "Green does not have standing to assert the Fifth or Sixth Amendment rights of T.S. or L.M., as those rights are personal to them."

The circuit court was not wrong. See State v. Araki, 82 Hawaiʻi 474, 484, 923 P.2d 891, 901 (1996) (noting that "suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence" (quoting Alderman v. United States, 394 U.S. 165, 171-72 (1969))); State v. Narvaez, 68 Haw. 569, 573, 722 P.2d 1036, 1039 (1986) (noting that constitutional privilege against self-incrimination protects the individual who is being forced to testify against themself, not a third party implicated by the testimony).

**(3)** Green contends that the circuit court erred by denying his motions in limine. Denial of a motion in limine is not reversible error; any harm occurs when the evidence is improperly admitted. State v. Eid, 126 Hawai'i 430, 440, 272 P.3d 1197, 1207 (2012).

Green sought to prevent the State from calling Maurice **Washington** as an expert witness on pimping. The State called Washington as its first witness. Washington testified about his background. The circuit court qualified him as an expert "in the fields of commercial sexual exploitation of children and the dynamic between a pimp and a prostituted person." We review for abuse of discretion. State v. Engelby, 147 Hawai'i 222, 231, 465 P.3d 669, 678 (2020).

"Expert testimony assists the trier of fact by providing a resource for ascertaining truth in relevant areas outside the ken of ordinary laity." State v. Clark, 83 Hawai'i 289, 298, 926 P.2d 194, 203 (1996) (citation omitted). The commercial sexual exploitation of children and the dynamic between a pimp and a prostituted person are areas beyond the knowledge or understanding of ordinary people. Based on Washington's testimony about his knowledge, skill, experience, training, and education, and his work in the Seattle Police Department Human Trafficking Unit and the FBI Child Exploitation and Human Trafficking Task Force, the circuit court did not abuse its discretion by qualifying him as an expert in those areas under Rule 702 of the Hawaii Rules of Evidence (**HRE**).

Green also sought to prevent the State from referring to him as a "pimp," and from introducing as evidence books on pimping found in his apartment and advertisements from the website backpage.com. Green's opening brief does not cite to the trial record and presents no argument on those points, which are waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(4)(A) and (b)(7); Weinberg v. Mauch, 78 Hawai'i 40, 49, 890 P.2d 277, 286 (1995).

**(4)** Green's attorney's motion to withdraw, made on the eve of trial, was denied. We review for abuse of discretion. State v. Plichta, 116 Hawaiʻi 200, 214, 172 P.3d 512, 526 (2007). Green made a formal written complaint about counsel to the Office of Disciplinary Counsel. But "the filing . . . [of] a disciplinary complaint does not create a per se conflict of interest to establish good cause to substitute counsel" in a criminal case. State v. Harter, 134 Hawaiʻi 308, 327 n.22, 340 P.3d 440, 459 n.22 (2014) (cleaned up). The circuit court conducted a hearing on February 17, 2022, as required by Harter. Id. Green refused to engage with the court. Under these circumstances, and for the reasons explained in the court's order denying the motion, we hold that the circuit court did not abuse its discretion by denying the motion to withdraw.

**(5)** Green's motion to recuse the trial judge — filed 10 days before trial — was denied. Green argues that the court erred because he filed a complaint against her with the Commission on Judicial Conduct (which the Commission dismissed for lack of evidence). We review for abuse of discretion. Arquette v. State, 128 Hawaiʻi 423, 447, 290 P.3d 493, 517 (2012). Green's only citation to authority is Doe VI v. Roe VI, 6 Haw. App. 629, 636 n.7, 736 P.2d 448, 453 n.7 (1987). That footnote stated that a judge recused himself after reading the parties' diaries in camera to resolve discovery disputes over them. No party challenged the recusal, and we did not decide whether recusal was warranted. Doe VI provides no precedent for this case. Arquette does. The record contains no affidavit sufficient to show bias under HRS § 601-7(b) (2016). Id., 128 Hawaiʻi at 447-48, 290 P.3d at 517-18. Nor does the record contain evidence of circumstances fairly giving rise to an appearance of impropriety or reasonably casting suspicion on the judge's impartiality. Id. at 448, 290 P.3d at 518. The circuit court did not abuse its discretion by denying Green's motion to recuse.

4

**(6)** Green contends the circuit court erred by admitting his Criminal Justice Information Services Full Rap Sheet into evidence because his date of birth on the document was inadmissible hearsay. We review under the right/wrong standard. State v. Machado, 109 Hawaiʻi 445, 450, 127 P.3d 941, 946 (2006). The date of birth on Green's Rap Sheet falls under the HRE Rule 803(b)(6) and (8) exceptions to the hearsay rule. The circuit court was not wrong to admit the Rap Sheet as evidence of Green's date of birth.

**(7)** The circuit court sentenced Green to consecutive terms of imprisonment. We review for abuse of discretion. State v. Bautista, 153 Hawaiʻi 284, 290, 535 P.3d 1029, 1035 (2023). Green's sentences for the counts involving L.M. were imposed concurrently, and consecutive to the sentence for the count involving T.S. The circuit court explained its analysis of the HRS § 706-606 factors during the sentencing hearing. The court explained it was imposing the sentence for the count involving T.S. consecutively to those for the counts involving L.M. because of Green's "horrific conduct towards the victim L.M." and Green's "equally egregious conduct towards the victim T.S." The court did not abuse its discretion by imposing consecutive sentences for multiple victims. Id. at 291, 535 P.3d at 1036.

**(8)** Green contends he was denied the right to effective counsel because his attorney "failed to effectively utilize the complaining witnesses' 2013 statements to police for impeachment purposes." Those statements are not in the record on appeal. We cannot evaluate the merits of Green's argument. Green may be able to raise the issue in a petition under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40.

For these reasons, the "Judgment of Conviction and Sentence" entered on July 20, 2022, is affirmed, without prejudice to Green filing an HRPP Rule 40 petition to develop a

factual record for his contention that his trial counsel was ineffective.

DATED:  Honolulu, Hawaiʻi, February 6, 2024.

On the briefs:

Kai Lawrence,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge